**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ANDRE WELLS, | No. 2:12-CV-2673-CMK |
|     Petitioner | |
|   vs. | ORDER |
| GARY SWARTHOUT, | |
|     Respondent. | |

       Petitioner, a prisoner proceeding pro se, brings this petition for a writ of mandamus.

       Petitioner has not, however, filed a complete application to proceed in forma pauperis or paid the required filing fee. Petitioner will be provided the opportunity to submit either a completed application to proceed in forma pauperis or pay the appropriate filing fee. Petitioner is warned that failure to comply with this order may result in the dismissal of this action for lack of prosecution and failure to comply with court rules and orders. See Local Rule 110.

/ / /

/ / /

A review of the petition reveals that the court may lack jurisdiction over this action. Under 28 U.S.C. § 1651(a), all federal courts may issue writs "in aid of their respective jurisdictions. . ." In addition, the district court has original jurisdiction under 28 U.S.C. § 1361 to issue writs of mandamus. That jurisdiction is limited, however, to writs of mandamus to "compel an officer or employee of the <u>United States or any agency thereof</u> to perform a duty. . ." 28 U.S.C. § 1361 (emphasis added). It is also well-established that, with very few exceptions specifically outlined by Congress, the federal court cannot issue a writ of mandamus commanding action by a state or its agencies. <u>See e.g.</u> <u>Demos v. U.S. Dist. Court for Eastern Dist. of Wash.</u>, 925 F.2d 1160 (9th Cir. 1991). Where the federal court does have jurisdiction to consider a petition for a writ of mandamus, such a writ may not issue unless it is to enforce an established right by compelling the performance of a corresponding non-discretionary ministerial act. <u>See</u> <u>Finley v. Chandler</u>, 377 F.2d 548 (9th Cir. 1967).

In this case, petitioner appears to seek mandamus relief from this court directed to a state agency compelling action by the state agency. Specifically, petitioner seeks to compel the appeals coordinator to process his inmate grievances. Because petitioner does not seek an order compelling action on the part of the United States or any federal agency, this court lacks jurisdiction. Petitioner shall show cause in writing why this action should not be dismissed. Again, the failure to respond may result in dismissal of the action, both for the reason outlined above, as well as for lack of prosecution and failure to comply with court orders. <u>See</u> Local Rule 110.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner shall submit on the form provided by the Clerk of the Court, within 30 days from the date of this order, a complete application for leave to proceed in forma pauperis or pay the appropriate filing fee;

2. The Clerk of the Court is directed to send petitioner a new form Application to Proceed In Forma Pauperis; and

3. Within 30 days of the date of this order petitioner shall show cause in writing why this action should not be dismissed for lack of jurisdiction.

DATED: January 3, 2013

/s/ Craig M. Kellison
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE