IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDRE WELLS, | No. 2:12-CV-2763-CMK |
|     Petitioner | |
|   vs. | ORDER |
| GARY SWARTHOUT, | |
|     Respondent. | |
| _____/ | |

      Petitioner, a prisoner proceeding pro se, brings this petition for a writ of mandamus.  Petitioner has consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c) and no other party has been served or appeared in the action.

      The court is required to screen actions brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a).  The court is also required to screen actions brought by litigants who have been granted leave to proceed in forma pauperis. See 28 U.S.C. § 1915(e)(2).  Under these screening provisions, the court must dismiss an action or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. §§ 1915(e)(2)(A), (B) and

1915A(b)(1), (2).  Moreover, pursuant to Federal Rule of Civil Procedure 12(h)(3), this court must dismiss an action if the court determines that it lacks subject matter jurisdiction.

On January 3, 2013, the court directed petitioner to show cause why this action should not be dismissed for lack of jurisdiction.  The court stated:

> A review of the petitioner reveals that the court may lack jurisdiction over this action.  Under 28 U.S.C. § 1651(a), all federal courts may issue writs "in aid of their respective jurisdictions. . ."  In addition, the district court has original jurisdiction under 28 U.S.C. § 1361 to issue writs of mandamus.  That jurisdiction is limited, however, to writs of mandamus to "compel an officer or employee of the <u>United States or any agency thereof</u> to perform a duty. . ."  28 U.S.C. § 1361 (emphasis added).  It is also well-established that, with very few exceptions specifically outlined by Congress, the federal court cannot issue a writ of mandamus commanding action by a state or its agencies.  See e.g. <u>Demos v. U.S. Dist. Court for Eastern Dist. of Wash.</u>, 925 F.2d 1160 (9th Cir. 1991).  Where the federal court does have jurisdiction to consider a petition for a writ of mandamus, such a writ may not issue unless it is to enforce an established right by compelling the performance of a corresponding non-discretionary ministerial act.  See <u>Finley v. Chandler</u>, 377 F.2d 548 (9th Cir. 1967).
> In this case, petitioner appears to seek mandamus relief from this court directed to a state agency compelling action by the state agency.  Specifically, petitioner seeks to compel the appeals coordinator to process his inmate grievances.  Because petitioner does not seek an order compelling action on the part of the United States or any federal agency, this court lacks jurisdiction. . . .

In his response, petitioner argues that, contrary to the foregoing, § 1651(a) in fact empowers this court to entertain his mandamus petition.  Petitioner is incorrect.  Because he seeks issuance of a writ commanding action by a state agency, the court lacks jurisdiction.

Accordingly, IT IS HEREBY ORDERED that:

1. This action is dismissed for lack of jurisdiction; and

2. The Clerk of the Court is directed to enter judgment and close this file.

DATED: January 31, 2013

                                                **CRAIG M. KELLISON**
                                                UNITED STATES MAGISTRATE JUDGE